**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) <br> ) Case No.  CV 12-5662 PA (CWx) <br> ) |
| Plaintiff | ) <br> ) |
| v. | )   ORDER FOR PERMANENT <br> )   INJUNCTION AGAINST |
| Gold Standard Mining Corp., et al. | )   PANTELEIMON ZACHOS <br> ) |
| Defendants. | ) <br> ) |

The Plaintiff  United States Securities and Exchange Commission ("SEC") filed its Complaint, and Defendant Panteleimon Zachos also known as Pantelis Zachos ("Zachos") entered a general appearance; consented to the Court's jurisdiction over the him and the subject matter of this action; consented to entry of this Order For Permanent Injunction without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from a final judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Zachos and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order For Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Zachos and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order For Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from aiding and abetting, directly or indirectly, a violation of Section 13(a) of the Exchange Act, 15 U.S.C. §§ 78m(a), and Rules 12b-20, 13a-11, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-11, and 240.13a-13, by providing substantial assistance to an issuer that file false and misleading quarterly and current reports with the Commission.

### III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Zachos and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order For Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from aiding and abetting a violation, directly or indirectly, of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. §78m(b)(2)(A), by providing substantial assistance to an issuer that fails to make or keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the company's transactions and dispositions of its assets.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED Zachos and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order For Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), by knowingly circumventing or knowingly failing to implement a system of internal accounting controls.

### V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Zachos and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13a-14, 17 C.F.R. § 240.13a-14, by certifying a false and misleading annual, quarterly, or other required issuer report filed by an issuer with the Commission.

## VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Zachos and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order For Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from aiding and abetting a violation, directly or indirectly, of Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §78m(b)(2)(B), by providing substantial assistance to an issuer that fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## VIII.

Upon motion of the SEC, the Court shall determine whether it is appropriate to order a civil penalty against Zachos pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and, if so, the amount of the civil penalty. In connection with the SEC's motion for civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Order for

Permanent Injunction; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Zachos shall comply with all of the undertakings and agreements set forth therein.

IT IS SO ORDERED.

Dated:  October 30, 2012.

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE