# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>Gold Standard Mining Corp.,<br>(formerly known as Fluid Solutions Inc.)<br>Panteleimon Zachos,<br>Kenneth G. Eade,<br>Edward Randall Gruber, CPA<br>Gruber & Company, LLC,<br><br>Defendants. | Case No.: CV 12-5662 PA (CWx)<br><br>FINAL JUDGMENT OF PERMANENT INJUNCTION AGAINST GOLD STANDARD MINING CORPORATION |

The Plaintiff United States Securities and Exchange Commission ("SEC") filed its Complaint, and Defendant Gold Standard Mining Corporation ("Gold Standard") entered a general appearance; consented to the Court's jurisdiction over the Defendant and the subject matter of this action; consented to entry of this Final Judgment of Permanent Injunction without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact

1 and conclusions of law; and waived any right to appeal from a final judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Gold Standard and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

   (a)  to employ any device, scheme, or artifice to defraud;

   (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

   (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Gold Standard and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this this Final Judgment of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act, 15 U.S.C. §§ 78m(a), and Rules 12b-20, 13a-11, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-11, and 240.13a-13, by filing false and misleading quarterly and current reports with the Commission.

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Gold Standard and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this this Final Judgment of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. §78m(b)(2)(A), by failing to make or keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the company's transactions and dispositions of its assets.

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Gold Standard and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this this Final Judgment of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §78m(b)(2)(B), by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:  transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Gold Standard is liable for payment of a civil penalty.  Based on evidence of Gold Standard's financial condition and inability to pay a civil penalty, however, the Court is not ordering Gold Standard to pay a civil penalty.  The determination not to impose a civil penalty is contingent upon the accuracy and completeness of information provided and representations made by Gold Standard.  If at any time following the entry of this this Final Judgment of Permanent Injunction the

1  Commission obtains information indicating that Gold Standard's representations
2  to the Commission concerning its assets, income, liabilities, or net worth were
3  fraudulent, misleading, inaccurate, or incomplete in any material respect as of the
4  time such representations were made, the Commission may, at its sole discretion
5  and without prior notice to Gold Standard, petition the Court for an order
6  requiring Gold Standard to pay the maximum civil penalty allowable under the
7  law.  In connection with any such petition, the only issue shall be whether the
8  financial information provided by Defendant was fraudulent, misleading,
9  inaccurate, or incomplete in any material respect as of the time such
10 representations were made.  In its petition, the Commission may move this Court
11 to consider all available remedies, including, but not limited to, ordering Gold
12 Standard to pay funds or assets, directing the forfeiture of any assets, or sanctions
13 for contempt of this this Final Judgment of Permanent Injunction.  The
14 Commission may also request additional discovery.  Gold Standard may not, by
15 way of defense to such petition:  (1) challenge the validity of the Consent or this
16 this Final Judgment of Permanent Injunction; (2) contest the allegations in the
17 Complaint filed by the Commission; (3) assert that payment of a civil penalty
18 should not be ordered; (4) contest the amount of post-judgment interest; (5)
19 contest the imposition of the maximum civil penalty allowable under the law; or
20 (6) assert any defense to liability or remedy, including, but not limited to, any
21 statute of limitations defense.

## VI.

23      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the
24 Consent is incorporated herein with the same force and effect as if fully set forth
25 herein, and that Gold Standard shall comply with all of the undertakings and
26 agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this this Final Judgment of Permanent Injunction.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter a final judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated: October 30, 2012

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE