# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Securities and Exchange Commission, | ) )  Case No. 2:12-cv-5662 JGB-CW |
| Plaintiff, | ) ) JUDGMENT AS TO ) GRUBER & COMPANY LLC |
| v. | ) ) |
| Gold Standard Mining Corp., et al., | ) ) |
| Defendants. | ) |

The Securities and Exchange Commission ("Commission") having filed its Complaint; and Defendant Gruber & Company LLC having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction which is admitted ); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

1

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10A(a) of the Exchange Act [15 U.S.C. § 78j-1(a)] by:

    (a)    conducting audits of the financial statements of an issuer without including: procedures designed to provide reasonable assurance of detecting illegal acts that would have a direct and material effect on the determination of

financial statement amounts; procedures designed to identify related party transactions that are material to the financial statements or otherwise require disclosure therein; and an evaluation of whether there is substantial doubt about the ability of the issuer to continue as a going concern during the ensuing fiscal year.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] or Rules 12b-20, 13a-11, and 13a-13 adopted thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-11, and 240.13a-13] by knowingly providing substantial assistance to an issuer that:

    (a)    fails to file with the Commission factually accurate and complete Forms 8-K as required by Section 13(a) of the Exchange Act and Rules 12b-20 and 13a-11; or

    (b)    fails to file with the Commission factually accurate and complete Forms 10-Q as required by Section 13(a) of the Exchange Act and Rules 12b-20 and 13a-13; or

    (c)    files with the Commission any report or statement, that contains any untrue statement of a material fact, omits any material information, or otherwise fails to comply with the provisions of Section 13(a) of the Exchange Act or any of the rules, regulations or forms thereunder; or

    (d)    fails to state or include, in addition to the information expressly required to be included in a report or statement, any such further material information as may be necessary to make the required

1 statements, in the light of the circumstances under which they were
2 made, not misleading.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from April 1, 2011, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter judgment based upon this Judgment forthwith and without further notice.

Dated: February 12, 2015.

_____
Honorable Jesus G. Bernal
UNITED STATES DISTRICT JUDGE