# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) | Case No.  CV 12-5662 JGB-CW |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | FINAL JUDGMENT |
| | ) | AS TO |
| Gold Standard Mining Corp., et al. | ) | PANTELEIMON ZACHOS |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Securities and Exchange Commission having filed a Complaint, and Defendant Panteleimon Zachos, also known as Pantelis Zachos ("Zachos"), having entered a general appearance; consented to the Court's jurisdiction over the him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Zachos is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)  to employ any device, scheme, or artifice to defraud;

    (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Zachos is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. §§ 78m(a)] and Rules 12b-20, 13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-11, and 240.13a-13], by knowingly or recklessly providing substantial assistance to an issuer that files false and misleading quarterly and current reports with the Commission.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Zachos is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [ 15 U.S.C. §78m(b)(2)(A)], by knowingly or recklessly providing substantial assistance to an issuer that fails to make or keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the company's transactions and dispositions of its assets.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED Zachos is permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)], by knowingly circumventing or knowingly failing to implement a system of internal accounting controls.

3

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

2  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph

3  also binds the following who receive actual notice of this Final Judgment by

4  personal service or otherwise:  (a) Defendant's officers, agents, servants,

5  employees, and attorneys; and (b) other persons in active concert or participation

6  with Defendant or with anyone described in (a).

7                                          V.

8

9    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Zachos

10  is permanently restrained and enjoined from violating Exchange Act Rule 13a-14

11  [17 C.F.R. § 240.13a-14], by certifying a false and misleading annual, quarterly,

12  or other required issuer report filed by an issuer with the Commission.

13    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

14  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph

15  also binds the following who receive actual notice of this Final Judgment by

16  personal service or otherwise:  (a) Defendant's officers, agents, servants,

17  employees, and attorneys; and (b) other persons in active concert or participation

18  with Defendant or with anyone described in (a).

19                                         VI.

20    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Zachos

21  is permanently restrained and enjoined from aiding and abetting a violation,

22  directly or indirectly, of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C.

23  §78m(b)(2)(B)], by providing substantial assistance to an issuer that fails to

24  devise and maintain a system of internal accounting controls sufficient to provide

25  reasonable assurances that:  transactions are recorded as necessary to permit

26  preparation of financial statements in conformity with generally accepted

27  accounting principles or any other criteria applicable to such statements.

28

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED  that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the SEC claim for civil penalties against Zachos pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] is dismissed .

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Panteleimon Zachos dated May 2, 2012 is incorporated

1  herein with the same force and effect as if fully set forth herein, and that Zachos
2  shall comply with all of the undertakings and agreements set forth therein.

3                                                   X.

4          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this
5  Court shall retain jurisdiction of this matter for the purposes of enforcing the
6  terms of this Final Judgment.

7                                                   XI.

8          There being no just reason for delay, pursuant to Rule 54(b) of the Federal
9  Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment
10 forthwith and without further notice.

11         IT IS SO ORDERED.

12 Dated:  August 17, 2015.

                                                   Honorable Jesus G. Bernal
                                                   UNITED STATES DISTRICT JUDGE